IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

CHAQUITA BARNES                                                                                    PLAINTIFF

V.                                                                              NO. 4:16-CV-121-DMB-JMV

OMEGA LABORATORIES, INC.                                                              DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Before the Court are Omega Laboratories, Inc.'s motion for summary judgment, Doc. #54, and motion to continue trial, Doc. #62; and Chaquita Barnes' motion to continue trial, Doc. #66, and "Motion Requesting Additional Time to Amend Pleadings and Respond to Defendant's Summary Judgment Motion," Doc. #67.

**I**
**Summary Judgment Standard**

Under Rule 56 of the Federal Rules of Civil Procedure, "[s]ummary judgment is proper only when the record demonstrates that no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law." *Luv N' Care Ltd. v. Groupo Rimar*, 844 F.3d 442, 447 (5th Cir. 2016). "A factual issue is genuine if the evidence is sufficient for a reasonable jury to return a verdict for the non-moving party and material if its resolution could affect the outcome of the action." *Burton v. Freescale Semiconductor, Inc.*, 798 F.3d 222, 226 (5th Cir. 2015) (internal quotation marks omitted). On a motion for summary judgment, a court must "consider the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in its favor." *Edwards v. Cont'l Cas. Co.*, 841 F.3d 360, 363 (5th Cir. 2016).

In seeking summary judgment, "[t]he moving party bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact." *Nola Spice Designs,*

*L.L.C. v. Haydel Enters., Inc.*, 783 F.3d 527, 536 (5th Cir. 2015) (internal quotation marks and alterations omitted). If the moving party satisfies this burden, "the non-moving party must go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* (internal quotation marks omitted). "Where the nonmoving party bears the burden of proof at trial, the moving party satisfies this initial burden by demonstrating an absence of evidence to support the nonmoving party's case." *Celtic Marine Corp. v. James C. Justice Cos., Inc.*, 760 F.3d 477, 481 (5th Cir. 2014).

**II**
**Procedural History**

On June 13, 2016, Chaquita Barnes filed a complaint in this Court against Omega Laboratories, Inc., alleging causes of action for negligence and "defamation and slander" arising from an allegedly erroneous drug test conducted by Omega. Doc. #1. On August 1, 2016, Omega moved to dismiss Barnes' complaint under Federal Rule of Civil Procedure 12(b)(6). Doc. #4. After considering Barnes' response in opposition and Omega's reply, the Court granted Omega's motion to dismiss with respect to Barnes' defamation and slander claims, and to the extent Barnes' negligence claim is based on chain of custody documentation and failure to inform of the risk of false positives. Doc. #53 at 10. However, the Court denied the motion to the extent Barnes' negligence claim is based on inaccurate results and the reporting of inaccurate results. *Id.* The dismissed claims were dismissed without prejudice to the filing of an amended complaint by Barnes within twenty-one days of the order. Barnes failed to amend the complaint within the allotted time.[1]

---

[1] On March 14, 2017, United States Magistrate Judge Jane M. Virden conditionally granted Barnes' attorneys' motion to withdraw as Barnes' counsel of record, and gave Barnes thirty days to either retain new counsel or inform the Court

2

On May 3, 2017, Omega filed a motion for summary judgment on the remaining negligence claim. Doc. #54. Barnes filed no response to the motion within the time allowed under the Court's procedural rules.

On September 18, 2017, Omega filed a motion to continue the trial in this case now set for November 6, 2017. Doc. #62. On October 12, 2017, following the pre-trial conference held October 6, 2017, Barnes filed a motion to continue trial. Doc. #66. On October 18, 2017, five months after her response to Omega's summary judgment motion was due, Barnes filed a "Motion Requesting Additional Time to Amend Pleadings and Respond to Defendant's Summary Judgment Motion." Doc. #67. Omega responded in opposition to the motion on October 26, 2017. Doc. #71.

### III
### Factual Background

On March 29, 2016, Barnes, who was enrolled at Mississippi Delta Community College ("MDCC"), provided a hair sample to Craig Carlock for the purpose of drug testing. Doc. #55-1 at 3–4, 21.[2] Carlock was an agent of Drug Free Schools, which is a separate legal entity that contracted with Omega to provide forensic laboratory drug testing. *Id.* at 3–4. Carlock certified that the hair specimen was provided by Barnes and was sealed in Barnes' presence. *Id.* at 4. Carlock then shipped the sample to Omega for testing. *Id.*

---

in writing of her intent to proceed pro se. Doc. #51. After failing to comply with various orders and notices issued by Judge Virden, Barnes filed a notice of her intent to proceed pro se on July 3, 2017. Doc. #58. On September 15, 2017, Judge Virden directed Barnes to show cause why she should not be held in contempt due to her failure to appear at a telephonic status conference, which had been reset twice due to Barnes' prior failures to appear. Doc. #61. To date, Barnes has not responded to the show cause order.

[2] In violation of this Court's Local Rules, Omega submitted a composite exhibit in support of its motion for summary judgment. *See* L.U. Civ. R. 7(b)(2). To avoid confusion, the Court will cite to the CM/ECF page numbers of the composite exhibit.

Upon receipt of Barnes' hair sample, Omega reviewed the hair specimen's chain of custody and, after determining it to be sufficient, tested the hair for the presence of drugs. *Id*. at 5–6. The specimen tested presumptively positive for cocaine and, in a confirmation test, tested positive again. *Id*.

On April 4, 2016, Omega reported the test results to Kim Lykins, the designated Medical Review Officer for Drug Free Schools. *Id*. at 7. Barnes alleges that she was expelled from MDCC as a result of the positive drug test. Doc. #1 at ¶ 12.

On April 14, 2016, Barnes submitted a second hair specimen to Psychemedics, another testing laboratory. Doc. #55-1 at 7. This test was reported as negative for cocaine. *Id*.

## IV
## Barnes' Motion for Additional Time

Barnes seeks "additional time to amend the pleadings, if necessary" and "additional time to respond to Defendant's Motion for Summary Judgment." Doc. #67.

### A. Request for Time to Amend

Rule 6(b)(1)(A) of the Federal Rules of Civil Procedure provides that, "for good cause," a court may extend a deadline before the original deadline or its extension expires. A party seeking an after-the-fact extension, however, bears the heavier burden of demonstrating both "good cause" and "excusable neglect." *See* Fed. R. Civ. P. 6(b)(1)(B) ("[T]he court may, for good cause, extend the time ... on motion made after the time has expired if the party failed to act because of excusable neglect."). However, "[e]ven if good cause and excusable neglect are shown, it nonetheless remains a question of the court's discretion whether to grant any motion to extend time under Rule 6(b)." *McCarty v. Thaler*, 376 Fed. Appx. 442, 443–44 (5th Cir. 2010) (*citing Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 894–98 (1990)).

Additionally, this Court's Local Rule 15 provides that "[i]f leave of court is required under Fed.R.Civ.P. 15, a proposed amended pleading must be an exhibit to a motion for leave to file the pleading." Federal Rule 15, in turn, requires leave of the Court if a party seeks to amend a complaint 21 days after serving it, or 21 days after service of a Rule 12(b), (e), or (f), motion. Fed. R. Civ. P. 15(a).

The case management order set the deadline to amend pleadings as October 20, 2016. Doc. #23. Barnes' motion for additional time to amend was filed approximately a year after that deadline expired – substantially more than 21 days after service of her original complaint and after Omega's initial Rule 12(b) motion. Barnes does not assert any reasons or justification for her failure to timely amend the complaint or respond to Omega's motion. Nor did she attach her proposed amended pleading to her motion. Because Barnes has shown neither excusable neglect nor good cause, and failed to comply with this Court's local rule governing amendments, Barnes' request for time to amend is denied. *See McCarty*, 376 F. Appx. at 443 ("[A]ny grant of an extension that is filed after the time for a response has expired may only be granted upon a finding of excusable neglect.") (citation omitted).

### B. Request for Time to Respond

Similarly, because Barnes does not proffer any reasons or justification to justify her request for additional time to respond to the summary judgment motion, as required by Rule 6, her request is denied.

### V
### Motion for Summary Judgment

In order to state a claim for negligence under Mississippi law, a plaintiff must allege the following elements: "(a) duty or standard of care, (b) breach of that duty or standard, (c) proximate causation, and (d) damages or injury." *Arnona v. Smith*, 749 So.2d 63, 66 (Miss. 1999). In her

complaint, Barnes alleges that Omega owed her a duty "to exercise reasonable care in the performance of an accurate hair drug screening and to accurately report the results to MDCC for the hair sample provided by [Barnes] at the request of her school," and that Omega breached its duty. Doc. #1 at ¶¶ 21–22. In its summary judgment motion, Omega argues that it is entitled to summary judgment because: (1) Barnes has not presented any expert evidence to support her claim, and the date to provide such evidence has passed; (2) uncontroverted evidence demonstrates that Barnes' specimen was properly collected, tested, and reported under chain of custody; (3) Omega's reported test result was scientifically accurate; and (4) Barnes' subsequent hair specimen test is not evidence that Omega's test result was inaccurate.[3]

Because Omega's first, third, and fourth arguments address the same issue—Barnes' evidence, or lack thereof—the Court will discuss them together but first will address Omega's chain of custody argument.

**A. Chain of Custody**

Barnes alleges in her complaint that Omega breached its duty when it "fail[ed] to complete and provide chain-of-custody documentation." Doc. #1 at ¶¶ 10, 22.a. As grounds for summary judgment, Omega argues that "[t]he uncontroverted evidence demonstrate that Barnes's specimen was properly collected, tested, and reported under chain of custody" and that Barnes is unable to identify any errors that allegedly occurred during the collection of her specimen. Doc. #55 at 7–8. Because the Court's March 24, 2017, order dismissed Barnes' negligence claim to the extent it

---

[3] As mentioned above, Barnes did not respond to the motion for summary judgment, and the time for doing so has passed. However, the Fifth Circuit has held that "[a] motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule. The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed." *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n.3 (5th Cir. 1995).

6

was premised on the chain-of-custody allegation, *see* Doc. #53 at 10, Omega's chain-of-custody argument is moot.

## B. Lack of Evidence

Omega contends that "Barnes's failure to provide expert evidence, or any evidence, supporting her claim that Omega violated the standard of care in its testing of her hair specimen or that Omega's test result was inaccurate is fatal to her cause of action." Doc. #55 at 4–5. In that regard, Omega asserts that "[its] own expert evidence establishes that Omega's cocaine-positive test results were accurate and complied with the standard of care," and that Barnes' reliance on a negative test result of a subsequently collected hair specimen is not evidence that Omega's test result was inaccurate. *Id.* at 4–5; 10–11.

This Court is unaware of any case law in Mississippi concerning whether expert evidence is necessary to establish the duty or standard of care owed to a person tested by a drug testing company in a negligence case.[4] However, Mississippi courts have generally held that expert testimony is necessary in establishing the applicable standard of care "to support an action for malpractice of a professional man in those situations where special skills, knowledge, experience, learning or the like are required." *Lovett v. Bradford*, 676 So.2d 893, 895 (Miss. 1996); *see Butler v. Chadwick Nursing & Rehab. Ctr.*, 223 So.3d 835, 841 (Miss. Ct. App. 2017) ("Expert testimony in a medical negligence case must establish an 'objective' and 'nationally recognized' standard of care and a breach thereof."). Further, courts in jurisdictions recognizing that laboratories have a duty to those subjected to testing have held that expert evidence is required to show the standard

---

[4] This is in part because "[t]here is no Mississippi law discussing a laboratory's duty with respect to drug tests performed on employees." *Easterling v. VT Halter Marine, Inc.*, No. 1:15-cv-238, 2016 WL 2757759, at *2 (S.D. Miss. May 12, 2016).

7

of care, and a breach thereof, of a laboratory defendant. *See, e.g., Sagraves v. Lab One, Inc.*, 316 F. App'x 366, 369 (6th Cir. 2008) ("Because understanding the standard of care for oral fluid drug testing requires more than common knowledge and experience, under Ohio law, a plaintiff must establish the applicable standard of care through expert testimony."); *see also Zachary v. Weiner's Stores, Inc.*, No. 00-1976, 2001 WL 1195870, at *3–4 (E.D. La. Oct. 10, 2001) (summary judgment granted where plaintiff failed to produce evidence showing laboratory breached standard of care, was negligent conducting drug test, and produced "false positive"); *Chapman v. Labone*, 460 F.Supp.2d 989, 1001–02 (S.D. Iowa 2006) (expert testimony used to establish standard of care of drug testing laboratory in negligence claim); *Guzman v. Mem'l Hermann Hosp. Sys.*, No. 07-3973, 2008 WL 5273713, at *13, 16 (S.D. Tex. Dec. 17, 2008) (expert testimony required to establish standard of care of laboratory technicians);[5] *Cooper v. Lab. Corp. of Am. Holdings*, 150 F.3d 376, 379–80 (4th Cir. 1998) ("Assuming, without deciding, that [plaintiff] can bring a negligence case against [drug testing laboratory]," holding that expert evidence is needed to establish breach of professional standard of care under South Carolina law).

Omega's expert, David Engelhart, the Laboratory Director of Omega, avers that Omega adhered to all applicable standard operating procedures and industry standards in its testing and that the reported test results were valid and accurate. Doc #55-1 at 6–10. As to the later negative drug test, Engelhart states that Psychmedics' test does not show Omega's test was inaccurate because (1) drug levels fade with time such that a subsequent drug test does not show that an earlier drug test was inaccurate and (2) Pychmedics employed a testing cut-off five times higher than that used by Omega. *Id*.

---

[5] Although *Guzman* addresses the standard of care of laboratory technicians in general, Texas recognizes that "[a] drug testing laboratory owes a duty to testees to use reasonable care in conducting its tests." *Jackson v. Metro. Transit Auth.*, No. 94-20706, 1995 WL 295865, at *4 (5th Cir. 1995).

Barnes has presented nothing to rebut Omega's evidence. Specifically, Barnes has not submitted any evidence showing that Omega breached its standard of care, that Omega did not follow proper laboratory procedures, that Omega was negligent in performing the hair drug screening, or that Omega was negligent in reporting the results or that the results were erroneous.[6] Because Barnes has failed to come forth with any evidence to support her negligence claim against Omega, summary judgment is warranted.

## VI
## Conclusion

For the reasons above, Barnes' motion requesting additional time to amend and respond [67] is **DENIED** and Omega's motion for summary judgment [54] is **GRANTED**. The motions to continue trial [62][66] are **DENIED as moot**.

**SO ORDERED**, this 30th day of October, 2017.

                                                     **/s/Debra M. Brown**
                                                   **UNITED STATES DISTRICT JUDGE**

---

[6] Although summary judgment must be viewed in the light most favorable to the nonmoving party, "[t]he Court is not required to accept the nonmovant's conclusory allegations, speculation, and unsubstantiated assertions which are either entirely unsupported, or supported by a mere scintilla of evidence." *Chambers v. Sears Roebuck & Co.*, 428 F. App'x 400, 407 (5th Cir. 2011).